IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>RAYMOND TOTH,<br>    Defendant. | )<br>)<br>)<br>)   Case No. 18-cr-30033<br>)<br>)<br>)<br>)<br>) |

OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Defendant Raymond Toth's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his Sentence (Doc. 276). For the reasons that follow, Defendant's Motion is Denied.

**I.    BACKGROUND**

On June 14, 2023, Defendant pled guilty to Count 5 of the Superseding Indictment as amended, which charged Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and Count 6 of the Superseding Indictment, which charged Possession of a Firearm in Furtherance of a Drug Trafficking Crime under 18 U.S.C. § 924(c)(1)(A)(i). (Doc. 226). Upon accepting the negotiated plea under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Court imposed the parties' negotiated sentence of 120 months followed by a 4-year term of supervised release. (Minute Entry of Oct. 13, 2023).

On September 9, 2024, Defendant filed a § 2255 motion alleging he is entitled to relief because: (1) he received ineffective assistance of counsel; (2) his guilty plea was not

voluntary and knowing; and (3) his due process rights were violated. (Doc. 276 at 14). Defendant alleges his appointed attorney, Daniel Fultz, was ineffective for: (1) failure to investigate and present exculpatory evidence; (2) failure to challenge Defendant's exclusive control of vehicle; (3) failure to correct factual misstatements at sentencing; (4) failure to advise Defendant of his appellate rights; and (5) not allowing Defendant to speak during the change of plea hearing or sentencing. (*Id.* at 16-17). Defendant further asserts his "prolonged pretrial detention" and "deplorable" conditions resulted in the deterioration of his mental health and violated his due process rights. (*Id.* at 18). Finally, Defendant contends counsel's ineffective assistance and the due process violations resulted in an involuntary guilty plea. (*Id.*)

## II. DISCUSSION

The Court has reviewed Defendant's § 2255 Motion and Memorandum in Support (Doc. 276), the Government's Response (Doc. 286), and Defendant's Reply (Doc. 292). Defendant's motion is timely as it was filed within one year of the judgment of conviction. 28 U.S.C. § 2255(f)(1). Upon reviewing the materials submitted by both parties, the Court finds under Rule 8(a) of the Rules Governing Section 2255 Proceedings that an evidentiary hearing is not warranted.

### A. Legal Standard

Section 2255 relief is available for prisoners who show that their sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). "Relief under § 2255 is available

only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021). It is not a substitute for direct appeal. *See Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "To succeed on a § 2255 petition a convicted defendant must show that the district court sentenced him in violation of the Constitution or laws of the United States or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." *Id.*

### B. Ineffective Assistance of Counsel

A petitioner may assert a violation of his Sixth Amendment right to counsel by bringing an ineffective assistance of counsel claim on collateral review under § 2255. *Christopher v. United States*, 148 F.4th 885, 890 (7th Cir. 2025). To establish ineffective assistance, the petitioner must show: (1) that counsel's performance "fell below an objective standard of reasonableness;" and (2) petitioner suffered prejudice as a result. *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). In considering the performance prong, courts should "mitigate the distortive effects of hindsight" and conduct a "highly deferential" review of counsel's performance," while "indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 890 (citation omitted). As for the prejudice prong, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

Defendant first alleges counsel was ineffective for failing to gather exculpatory evidence. Defendant was arrested at a Walmart store in Pana, Illinois. He alleges he was assigned by his employer, Robert Ames, to drive from Missouri to Pana in Ames's vehicle to replace a fireplace for a customer. Defendant contends counsel should have sought to obtain exculpatory evidence such as video evidence from the Walmart showing that he went inside the store. Counsel also failed to argue that the vehicle did not belong to Defendant and he lacked exclusive control over it.

In an affidavit attached to the Government's response (Doc. 286-3), Attorney Fultz states he attempted to obtain video evidence from Walmart but was told by store officials that the video footage was only kept for 30 days before being destroyed. It would have been impossible for Mr. Fultz to obtain video footage because he was appointed as counsel more than three years after Defendant's arrest. While Defendant now appears to suggest he was set up by his employer to distribute drugs to an individual in Pana, Defendant admitted under oath that he knowingly trafficked methamphetamine and possessed a firearm in furtherance of drug trafficking. In any event, Mr. Fultz was not ineffective in failing to obtain video footage that no longer existed.

Defendant next alleges counsel was ineffective for failing to argue that he lacked exclusive control over the vehicle. Mr. Fultz notes that Defendant drove the car from Missouri to Pana alone. The car contained a gift-wrapped box of methamphetamine and a firearm that was in plain view of officers who were outside the vehicle. Based on that evidence, Mr. Fultz states he did not believe an argument relating to Defendant's lack of exclusive control over the vehicle was a "winnable fight." The Court notes that the

Presentence Investigation Report indicates that case agents contemporaneously corroborated information relating to Defendant's travel from Missouri to the Pana Walmart to distribute drugs. As part of his guilty plea, Defendant also admitted under oath that he possessed the firearm and methamphetamine. Thus, it was a reasonable strategic decision and not ineffective assistance for counsel to advise against arguing Defendant did not have exclusive control of the vehicle.

Defendant next contends counsel was ineffective for failing to correct what he claims was the Court's erroneous belief the firearm was found on his person, which he alleges is why the Court denied his request for home confinement. The Government need not prove that Defendant was physically carrying the firearm in order to obtain a conviction for possession of a firearm in furtherance of a drug trafficking crime. It is enough that he had the ability and intention to exert control over it. As reflected in the transcript of the change of plea hearing (Doc. 286-1), Mr. Fultz noted that Defendant asked him if the Court could order that he serve the rest of his time on electronic monitoring. Counsel informed Defendant that would not be possible based on the sentencing agreement. The transcript also provides that Defendant was informed of the parties' sentencing agreement contained in the fully negotiated plea agreement, wherein Defendant agreed to a 120-month imprisonment term consisting of two consecutive 60-month terms. The Court could not have accepted the plea agreement as Defendant requested and sentenced Defendant to home confinement without violating the plea agreement. Even assuming the Court erroneously believed the firearm was found on

Defendant's person, Mr. Fultz was not ineffective for failing to correct the Court on what was a legally irrelevant issue.

Defendant further asserts counsel was ineffective by failing to advise him of his appellate rights and not allowing him to speak at the change of plea and sentencing hearings. However, the record contradicts both of Defendant's allegations. The change of plea transcript demonstrates the Court engaged in a detailed colloquy with Defendant concerning his appellate rights. The Court explained that the plea agreement included an appellate waiver but he retained a limited right to appeal in certain circumstances. Defendant stated under oath that he had discussed his appellate rights and waiver of those rights with Mr. Fultz. Defendant stated he understood those rights and did not have any questions about them. The transcript of the sentencing hearing also indicates that the Court advised Defendant of his limited appellate rights. The record entirely refutes Defendant's assertion that counsel was ineffective in this respect.

The record further shows that counsel did not preclude Defendant from speaking at either his change of plea hearing or sentencing hearing. Defendant directly addressed the Court on certain matters and multiple breaks were taken at both hearings so that Defendant could discuss issues with Mr. Fultz. Near the beginning of the sentencing hearing, Mr. Fultz informed the Court that Defendant had recently expressed frustration with various aspects of the case, including what his prior attorneys did or did not do in representing him. Mr. Fultz explained that at one point, Defendant was not certain he wanted to move forward with sentencing and had considered requesting that his plea be withdrawn and proceeding to trial. Mr. Fultz stated Defendant ultimately informed him

that he wished to proceed with sentencing. After counsel's recitation of his recent communication with Defendant, the Court engaged in a colloquy with Defendant who confirmed that he wished to proceed with sentencing. When asked whether he wanted to make a statement of allocution, Defendant declined and stated, "I feel pretty happy with Mr. Fultz." (Doc. 286-2 at 16). The record completely refutes Defendant's assertion that Mr. Fultz was ineffective by prohibiting Defendant from speaking at his change of plea and sentencing hearing.

None of Defendant's allegations of ineffective assistance of counsel, individually or considered together, show that counsel's performance fell below an objective standard of reasonableness. Even if it did, Defendant could not show prejudice because the result of the proceeding would not have been different. Defendant received the sentence he asked the Court to impose — the minimum sentence he could receive based on the charges to which he pled guilty and the only sentence the Court could impose upon acceptance of the plea agreement. Based on the foregoing, all of Defendant's ineffective assistance of counsel claims fail.

### C. Defendant's Guilty Plea

Defendant next alleges his guilty plea was involuntary due to the ineffective assistance of counsel and the coercive conditions of his pretrial detention. He contends his mental state had deteriorated because of the poor custodial conditions, thereby rendering his guilty plea involuntary. Once again, the record contradicts Defendant's claims and establishes that his plea was knowing and voluntary.

The Court may rely on Defendant's sworn statements when his claims of involuntariness are contradicted by the record. *See United States v. Peterson*, 414 F.3d 825, 827 (7th Cir. 2005) ("[A] motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction."). The record establishes that Defendant knowingly and voluntarily pled guilty to both counts. The Court carefully reviewed Defendant's rights with him at the change of plea hearing. Defendant was afforded the opportunity to ask any questions. Under oath, Defendant waived his rights and pled guilty to possession with intent to distribute five grams or more of actual methamphetamine and possession of a firearm during and in possession of a drug trafficking crime. During the hearing, Defendant informed the Court he knew what he was doing and wanted to plead guilty of his own free will, without any coercion or pressure from others. At sentencing, Mr. Fultz informed the Court that Defendant had recently expressed some frustrations with the case and had considered requesting to withdraw his guilty plea but now wanted to proceed and did not wish to withdraw his plea. The Court confirmed said representations directly with the Defendant, and he stated he wanted to proceed with the sentencing hearing. Defendant also stated he believed Mr. Fultz had provided him with good representation throughout the case. Defendant has not provided a compelling justification for his change of heart. Based on the foregoing, the record establishes Defendant's guilty plea was knowing and voluntary. Thus, Defendant's ineffective assistance claim based on involuntariness of his guilty plea also fails.

### D. Due Process Claims

Defendant next contends that his prolonged pretrial detention under conditions that resulted in the deterioration of his mental health constituted coercion and violated his due process rights. He also alleges these conditions contributed to his decision to enter into a plea deal. Because Defendant's plea agreement included a waiver of his right to challenge his conviction and sentence in most circumstances, he has waived the right to pursue due process claims in his § 2255 motion. To the extent Defendant asserts that his due process claims are part of his ineffective assistance of counsel claims, the claims fail for the reasons previously discussed. Defendant stated at the change of plea hearing that he felt "fine" and understood what was happening in court. The record reflects that counsel communicated Defendant's concerns about various issues at both the plea and sentencing hearings. At sentencing, counsel informed the Court that Defendant had recently told counsel that "he wanted to consider having his plea withdrawn and proceeding to trial, which has been a common theme throughout my representation." (Doc. 282-2 at 4). However, Defendant decided he wanted to go forward and proceed with sentencing. The Court then confirmed that Defendant did not want to withdraw his guilty plea. Therefore, to the extent that Defendant's ineffective assistance claims encompass his due process arguments, Defendant is not entitled to relief under § 2255.

### III. CONCLUSION

For the reasons stated herein, none of Defendant's § 2255 ineffective assistance of counsel claims related to his conviction and sentence have merit because he has not shown that counsel's representation fell below an objective standard of reasonableness.

Even if Defendant could make that showing, his claims would still fail because he cannot establish he was prejudiced by counsel's performance by showing the result of the proceeding would have been different. Defendant has waived any claims not based on ineffective assistance of counsel. Because the Petitioner is unable to show prejudice or deficient performance, the Court concludes that an evidentiary hearing under Rule 8(a) of the Rules Governing Section 2255 Proceedings is unnecessary.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability. Upon reviewing the entire record, the Court concludes that the Petitioner has not made a substantial showing of the denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2). Accordingly, the Court will deny a certificate of appealability.

Therefore, Defendant Raymond Toth's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 276] is DENIED. Because Defendant has not made a substantial showing of the denial of a constitutional right, the Court hereby denies the Petitioner a certificate of appealability under Rule 11(a). Defendant may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. The Clerk will send a copy of this Order to Raymond E. Toth, Register No. 22475-026, FCI Florence, Federal Correctional Institution, PO Box 6000, Florence, CO 81226.

ENTER: November 19, 2025

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE